SUMMARY ORDER

Petitioner Xu Duan Dong, a native and citizen of the People’s Republic of China, seeks review of a March 31, 2008 order of the BIA denying his motion to reopen. In re Xu Duan Dong, No. A070 077 280 (B.I.A. Mar. 31, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). Here, the BIA properly denied Dong’s motion to reopen as untimely where it was his third motion to reopen and it was filed almost five years after his 2002 final order of removal. See 8 C.F.R. § 1003.2(c)(2) (providing that an applicant may only file one motion to reopen and that motion must be filed within ninety days of the final administrative decision). Moreover, the BIA did not abuse its discretion in finding that Dong failed to present sufficient evidence of changed country conditions to satisfy the exception to the time limitation. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); INS v. Abudu, 485 U.S. 94, 104-105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
Contrary to Dong’s argument that the BIA failed to consider the evidence he submitted, the BIA explicitly found that the evidence he submitted: (1) did not indicate that similarly-situated individuals are forcibly sterilized; (2) could have been submitted with one of his prior motions to reopen; and (3) did not rebut the IJ’s adverse credibility finding. Moreover, it is well-settled that we will “presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.” See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 (2d Cir.2006).
To the extent that Dong challenges the agency’s underlying adverse credibility determination, his argument fails. First, Dong’s argument amounts to an impermissible collateral attack on an agency finding that we have already reviewed. In April 2005, in a published per curiam decision, which is now law of the case, we denied Dong’s petition for review, finding no error in the IJ’s adverse credibility determination. See Xu Duan Dong v. Ashcroft, 406 F.3d 110, 112 (2d Cir.2005).
*744 For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.